Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| JORGE LUIS LUYANDO DEL VALLE<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrida | KLRA202400634 | Revisión Administrativa procedente del Departamento de Corrección y Rehabilitación<br><br>Sobre:<br>Apelación a Proceso Disciplinario<br><br>Querella Número: 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 consolidada con: 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 |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 19 de diciembre de 2024.

El recurrente, el señor Jorge Luis Luyando del Valle, comparece ante nos y solicita nuestra intervención a los fines de que dejemos sin efecto la *Resolución* emitida por el Departamento de Corrección y Rehabilitación (DCR), notificada el 24 de junio de 2024. Mediante la misma, el referido organismo determinó que el recurrente cometió el acto prohibido de contrabando peligroso.

Por los fundamentos que expondremos a continuación, se confirma la *Resolución* recurrida.

### I

Conforme surge de la *Resolución* recurrida, el recurrente es miembro de la población penal del Complejo Correccional de Anexo Guayama 500. El 2 de mayo de 2024, se le radicaron dos Informes de Querella de Incidente Disciplinario al confinado de epígrafe. El primero fue notificado el 8 de mayo de 2024 (Núm. de Querella 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), y se le imputó la violación de los cargos o actos prohibidos de contrabando peligroso, posesión de sustancias controladas, y

Número Identificador

SEN2024 _____

desobedecer una orden directa. A su vez, el segundo fue notificado el 30 de mayo de 2024 (Núm. de Querella 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), en el cual se le imputó la violación de los cargos o actos prohibidos de contrabando peligroso, posesión de sustancias controladas, y posesión, introducción, uso, venta o distribución de materiales asociados con el uso ilegal de sustancias controladas.

Así las cosas, el 21 de junio de 2024, fue celebrada la vista disciplinaria del recurrente. En esta, ambas querellas fueron consolidadas, al amparo de la Regla 38 del Reglamento para Establecer el Procedimiento Disciplinario de la Población Correccional, Reglamento Núm. 9221 de 8 de octubre de 2020 (en adelante, Reglamento Núm. 9221).

Luego de evaluada la prueba sometida ante sí, el Oficial Examinador emitió una *Resolución*, fechada el 24 de junio siguiente, mediante la cual determinó que el recurrente cometió el acto prohibido de contrabando peligroso. Según las determinaciones de hechos y conclusiones de derecho emitidas por el Oficial Examinador, el día del incidente, el oficial querellante se percató de que el recurrente se encontraba agachado introduciéndose un paquete por su cavidad anal. Añadió que este le dio instrucciones al confinado de que entregara lo que tenía, pero el recurrente se rehusó a cooperar. Sostuvo que el recurrente fue llevado al área de procedimiento de descontaminación, y durante el proceso de inspección, se le cayó un objeto en forma cilíndrica envuelto en papel plástico transparente, el cual luego fue ocupado y mantenido en custodia por los agentes. Posteriormente, el recurrido fue transportado a la División de Drogas de Guayama, donde se determinó que el material ocupado consistía de doce (12) envolturas de papel plástico transparente conteniendo polvo blanco y un pedazo de guante látex transparente en su interior.

Inconforme con la determinación, el 1 de julio de 2024, el recurrente radicó una *Solicitud de Reconsideración*. En esta, arguyó, en esencia que, durante la vista disciplinaria, quedó evidenciado que se presentaron dos querellas de un mismo hecho, y con declaraciones diferentes entre sí. Sostuvo que dichas querellas eran inválidas y que violaban su debido proceso de ley, al amparo de la Regla 29 del Reglamento Núm. 9221, *supra*. Por tanto, solicitó la desestimación de la determinación tomada durante la vista.

El 8 de julio de 2024, el DCR notificó al recurrente haber recibido su *Solicitud de Reconsideración*, e indicó que la atendería dentro de los noventa (90) días siguientes a su radicación.

Transcurrido dicho término, el 1 de noviembre de 2024, el recurrente presentó ante nos un documento intitulado *Moción Sobre Apelación de Proceso Disciplinario*. En el pliego, plantea que conforme a la Regla 29 del Reglamento Núm. 9221, las querellas "quedaban invalidadas", y que la evidencia presentada "mostró que no había incurrido en las violaciones a los códigos" imputados.[1] Solicitó "la desestimación y eliminación de todo tipo de documentación de ambas querellas en su expediente".[2]

Luego de examinar el expediente de autos, procedemos a expresarnos.

## II

### A

Es norma firmemente establecida en el estado de derecho vigente, que los tribunales apelativos están llamados a abstenerse de intervenir con las decisiones emitidas por las agencias administrativas, todo en deferencia a la vasta experiencia y conocimiento especializado que les han sido encomendados. *Otero Rivera v. Bella Retail Group, Inc.,* 2024 TSPR 70, 2013 DPR ___

---

[1] Véase pág. 2 de la *Moción Sobre Apelación de Proceso Disciplinario*.
[2] *Id.,* pág. 3.

(2024); *Voili Voilá Corp. v. Mun. Guaynabo,* 2024 TSPR 29, 213 DPR ___ (2024); *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35 (2018); *The Sembler Co. v. Mun. de Carolina,* 185 DPR 800, 821-822 (2012); *Asoc. Fcias. v. Caribe Specialty II et al.,* 179 DPR 923, 940 (2010). En este contexto, la Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, establece el alcance de la revisión judicial respecto a las determinaciones administrativas. A tal efecto, la referida disposición legal expresa como sigue:

> El Tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio.
>
> Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.
>
> Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal.
>
> 3 LPRA sec. 9675.

Al momento de revisar una decisión agencial, los tribunales deben ceñirse a evaluar la *razonabilidad* de la actuación del organismo. *Rolón Martínez v. Supte. Policía,* supra; *The Sembler Co. v. Mun. de Carolina,* supra. Por ello, los tribunales no deben intervenir o alterar las determinaciones de hechos que emita, siempre que estén sostenidas por *evidencia sustancial* que surja de la *totalidad del expediente administrativo. Otero v. Toyota,* 163 DPR 716, 727-728 (2005); *Pacheco v. Estancias,* 160 DPR 409, 431-432 (2003). Nuestro Tribunal Supremo ha definido el referido concepto como aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Rolón Martínez v. Supte. Policía,* supra; *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.,* 144 DPR 425, 437 (1997). Por tanto, compete a la parte que impugne la legitimidad de lo resuelto por un organismo administrativo, identificar prueba suficiente para derrotar la

presunción de corrección y regularidad que les asiste. *Graciani Rodríguez v. Garage Isla Verde*, 202 DPR 117, 128 (2019).

A tenor con esta norma, los foros judiciales limitan su intervención a evaluar si la decisión de la agencia es razonable y no si hizo una determinación correcta de los hechos ante su consideración. *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.,* supra. En caso de que exista más de una interpretación razonable de los hechos, el tribunal debe sostener lo concluido por la agencia, evitando sustituir el criterio del organismo por sus propias apreciaciones. *Pacheco v. Estancias,* supra. Ahora bien, esta regla basada en deferencia no es absoluta. La misma cede cuando está presente alguna de las siguientes instancias: (1) cuando la decisión no está fundamentada en evidencia sustancial; (2) cuando el organismo administrativo ha errado en la apreciación de la ley, y; (3) cuando ha mediado una actuación irrazonable, o ilegal. *Otero Rivera v. Bella Retail Group, Inc.,* supra; *Costa Azul v. Comisión,* 170 DPR 847, 853 (2007).

**B**

El Reglamento Núm. 9221, *supra,* regula el procedimiento administrativo en asuntos de índole disciplinario, en los cuales se vean involucrados los miembros de la población correccional. Su objetivo es establecer la estructura disciplinaria que deben seguir los miembros de la población correccional, exponer la política pública de modificación de conducta a partir de la rehabilitación, y evitar un carácter punitivo. Véase, Introducción de Reglamento Núm. 9221.

En lo pertinente a lo que nos ocupa, la Regla 4 del Reglamento Núm. 9221, *supra,* define acto prohibido como "cualquier acto que implique una violación a las normas de conducta de la institución que conlleve la imposición de medidas disciplinarias, incluyendo cualquier acto u omisión, o conducta tipificada como delito". En

cuanto al acto prohibido imputado al recurrente de epígrafe, la Regla 15 define el Código 106 de la siguiente manera:

> Contrabando Peligroso – Consiste en la posesión de herramientas, artículos, materiales o instrumentos para hacer tatuajes, bebidas embriagantes, dinero, valores, instrumentos negociables, que puedan ser utilizados para la comisión de cualquiera de los actos prohibidos contemplados en este Reglamente. Además, consiste en materiales que no han sido recibidos mediante los canales oficiales y artículos en exceso de los permitidos en el área de vivienda.

A su vez, el aludido Reglamento dispone, en su Regla 38, los principios generales que aplicarán a toda situación en la cual se inicie un procedimiento disciplinario administrativo contra un miembro de la población correccional.  Con relación al caso ante nos, la Regla 38(3) del Reglamento Núm. 9221, *supra*, prohíbe la presentación de más de una querella disciplinaria contra un miembro de la población correccional, siempre y cuando sean por los mismos hechos o eventos que constituyan un curso de conducta indivisible para realizar un acto prohibido. Es decir, ante la presentación de más de una querella por un mismo evento, contra el mismo confinado, procederá su consolidación.

Por su parte, la Regla 29 del Reglamento Núm. 9221, *supra*, gobierna los procesos ulteriores al archivo o cierre de querella por querellas frívolas. En específico, regula el proceso a seguir ante la determinación, por un Oficial Examinador, del cierre o archivo de una querella o alegación infundada presentada contra un miembro de la población correccional.  La referida Regla dispone como sigue:

**Regla 29 – Procesos Ulteriores al Archivo o Cierre de Querella por Querellas Frívolas**

1. Ante la determinación del Oficial Examinador del cierre o archivo de querella o alegación infundada presentada contra un miembro de la población correccional, el asunto será referido a otro Oficial Examinador, para que precise si la querella o alegación fue presentada de forma frívola y temeraria por la parte querellante; y refiera para que se inicie el procedimiento correspondiente para la imposición de medida disciplinaria. Además, se preparará un expediente sobre este particular y se archivará para tener constancia del hecho.

2. Se referirá al empleado o funcionario del Departamento de Corrección y Rehabilitación que haya radicado una querella o alegación infundada a la Unidad de Disciplina de Empleados para la correspondiente acción disciplinaria.

3. En el caso que fuera un miembro de la población correccional el que haya radicado la querella o alegación infundada, se le formulará un cargo por dicha acción y de ser encontrado incurso, la sanción se cumplirá de manera consecutiva con cualquier otra.

4. La acción disciplinaria podría conllevar, en el caso del miembro de la población correccional, la imposición de una medida disciplinaria acorde con lo establecido en la Regla 17 (Medidas Disciplinarias) de este Reglamento. En el caso de que fuera un empleado o funcionario, éste será referido a la Unidad de Disciplina de Empleados donde se le podrá imponer como medida una amonestación verbal o escrita, o suspensión temporera de empleo y sueldo, o, la destitución de su cargo, según proceda.

5. La acción disciplinaria que se imponga por la radicación de una querella frívola deberá ser proporcional a la gravedad del asunto, según la investigación realizada. Se tomará en consideración el número de veces que la persona ha presentado querellas infundadas en el pasado. Lo anterior, con el objetivo de desalentar la presentación de querellas frívolas y viciosas que ocasionen la tramitación de procedimientos innecesarios y en perjuicio de la eficiente administración de la justicia. Además, se busca desalentar estas acciones con el fin de proteger al miembro de la población correccional y evitar el someter a éste a un proceso que, entre otras cosas, lo exponga al riesgo de perder algún privilegio o derecho adquirido como, por ejemplo, el perder las bonificaciones que ha adquirido por su buena conducta, así como para proteger a los empleados del Departamento de Corrección y Rehabilitación de presentación de querellas frívolas contra estos, por parte de los miembros de la población correccional.

**III**

En la presente causa, el recurrente, en esencia, impugna la determinación mediante la cual el DCR determinó que cometió el acto prohibido de contrabando peligroso, tipificado en el Código 106. Igualmente, plantea que se le violentó su debido proceso de ley, al amparo de la Regla 29 del Reglamento Núm. 9221, *supra,* por estar dicha *Resolución* basada en dos querellas "invalidas". No obstante, al entender sobre el expediente que nos ocupa, no podemos sino sostener lo resuelto por el organismo recurrido.

Conforme surge de los documentos de autos, y contrario a los planteamientos del recurrente, la determinación del DCR no estuvo

basada en dos querellas. Según obra del expediente, el DCR solamente radicó los cargos de la querella Núm. 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, tras consolidar las querellas presentadas, al amparo de la Regla 38 del Reglamento Núm. 9221, *supra.* Posteriormente, tras llevar a cabo la vista disciplinaria, y basado en la totalidad del expediente administrativo, el DCR concluyó que existió evidencia preponderante para sostener que el querellado incurrió en la comisión del acto prohibido de contrabando peligroso. En específico, determinó que, según la evidencia presentada, el querellado estaba en posesión de doce (12) envolturas de papel plástico transparente conteniendo polvo blanco en su interior. Por entender que constituía el acto prohibido contemplado en el Código 106 del Reglamento Núm. 9221, *supra,* el Oficial Examinador concluyó que se demostraron los elementos del cargo imputado de contrabando peligroso, y declaró incurso al recurrente.

En principio, intimamos que las determinaciones de hechos expuestas por el Oficial Examinador demuestran que la prueba presentada ante su consideración fue suficiente a los fines de sostener el cargo administrativo imputado en contra del recurrente. Un examen de todos los documentos que componen el expediente que nos ocupa, nos mueve a resolver que no se hacen presentes los criterios legales que legitiman nuestra intervención respecto a lo dispuesto por un organismo administrativo. A nuestro juicio, la determinación aquí impugnada obedeció a un ejercicio razonable de apreciación de prueba, a la adecuada función de las facultades legales que le asisten al ente adjudicador concernido, así como, también, a una correcta interpretación y aplicación del derecho pertinente a la controversia de autos.

En su comparecencia, el recurrente se reafirma en que su derecho al debido proceso de ley durante el trámite administrativo efectuado en su contra fue inobservado. En particular, sostiene

que se violentó la Regla 29 del Reglamento Núm. 9221, *supra*. No obstante, dicha Regla no es de aplicación en el caso ante nos, toda vez que la querella radicada en contra del recurrente nunca fue cerrada o archivada por el Oficial Examinador. Al contrario, la querella fue evaluada en su totalidad y el recurrente fue declarado incurso, basado en la evidencia sustancial que surgió de la totalidad del expediente administrativo.

Habiendo examinado el expediente de autos, no encontramos evidencia que demuestre que el DCR, en su ejecución adjudicativa, actuó de manera irrazonable. A nuestro juicio, el pronunciamiento recurrido revela que, en el ejercicio de sus deberes respecto a la solicitud en controversia, el organismo actuó a tenor con las providencias que el estado de derecho impone a los fines de que ejerza su criterio especializado. El dictamen en controversia expresa las razones por las cuales el DCR declaró incurso al recurrente, ello a la luz de la evaluación de la totalidad del expediente. Nada en autos acredita que, en dicha gestión, el organismo haya actuado al margen de la norma aplicable, ni de manera arbitraria. Por tanto, resolvemos no imponer nuestro ejercicio revisor sobre lo resuelto.

**IV**

Por los fundamentos que anteceden, se confirma la *Resolución* administrativa recurrida.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones